# UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| Keisha Taylor<br>*Plaintiff*<br><br>v.<br><br>GLA Collection Co., Inc.<br>*Defendant*<br>Serve:<br>   Michael L. Lynch<br>   2630 Gleeson Lane<br>   Louisville, KY 40299 | Case No. 3:16-cv-810-TBR |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

2. Defendant GLA Collection Co., Inc. ("GLA") violated the FDCPA by continuing efforts to collect a debt from Plaintiff Keisha Taylor without first validating the debt as expressly required under the FDCPA.

### JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

4. Plaintiff Keisha Taylor is a natural person who resides in Jefferson County, Ky. Ms. Taylor is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

5. Defendant GLA Collection Co., Inc. is a third-party debt collector, whose principal office is located at 2630 Gleeson Lane, Louisville, KY 40299.

6. GLA regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

7. GLA sent Ms. Taylor a dunning letter dated May 5, 2016 in an attempt to collect a medical debt allegedly originated by Norton Suburban Hospital ("Norton").

8. The May 5th letter was GLA's initial communication with Ms. Taylor within the meaning of 15 U.S.C. §1692g(a).

9. On May 21, 2016, Ms. Taylor sent GLA a timely dispute and debt-validation letter.

10. Without validating or verifying the Norton debt as required by law, GLA sent Ms. Taylor a second dunning letter concerning the same debt dated June 3, 2016.

11. Again without validating or verifying the Norton debt as required by law, GLA began reporting negative credit information about Ms. Taylor and the Norton to debt to one or more consumer reporting agencies.

12. GLA furnished negative information concerning Ms. Taylor and the Norton debt to one or more consumer reporting agencies in an attempt to collect a debt from her within the meaning of the FDCPA. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

### Claims for Relief: Violations of the Fair Debt Collection Practices Act

13. GLA violated the FDCPA by continuing to collect the Norton debt from Ms. Johnson without first validating and verifying the debt as required by 15 U.S.C. §1692g(b).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Keisha Taylor requests that the Court grant her the following relief:

1. Award Plaintiff maximum statutory damages;

2. Award Plaintiff reasonable attorney's fees and costs;

3. A trial by jury; and

4. Such other relief as may be just and proper.

          Respectfully submitted,

          /s/ James H. Lawson
          **James H. Lawson**
          *Lawson at Law, PLLC*
          115 S. Sherrin Avenue
          Suite 4
          Louisville, KY 40207
          Tel:  (502) 473-6525
          Fax:  (502) 473-6561
          james@kyconsumerlaw.com